Filed 6/30/14  P. v. Sanders CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DONALD L. SANDERS,<br><br>        Defendant and Appellant. | A139416<br><br>(San Mateo County<br>  Super. Ct. No. SC073473A) |

This is an appeal from judgment following entry of a no-contest plea by appellant Donald L. Sanders to one count of possession of marijuana for sale in violation of Health and Safety Code section 11359 in Case No. SC073473.  Pursuant to the negotiated disposition, the trial court suspended imposition of a sentence and placed appellant on supervised probation for three years subject to various terms and conditions, including that he serve 120 days in county jail.  Appellant received one day of presentence custody credit, and the trial court thereafter granted the People's motion to dismiss Case No. SCO76142, which had previously been consolidated with this case on the People's motion.

After appellant filed a timely notice of appeal, appellate counsel was appointed to represent him.  Appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*People v. Wende*) in which he raises no issue for appeal and asks this court for an independent review of the record.  (See also *People v. Kelly* (2006) 40 Cal.4th 106, 124 (*People v. Kelly*).)  Counsel attests that appellant was advised of his right to file a supplemental brief in a timely manner, but he has not exercised this right.

1

Keeping in mind our review is limited to grounds for appeal occurring after entry of the negotiated disposition,[1] we have examined the entire record in accordance with *People v. Wende*. For reasons set forth below, we agree with counsel that no arguable issue exists on appeal. Accordingly, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 17, 2011, an information was filed in this case, SC073473, charging appellant with one count of possession of marijuana for sale. This charge stemmed from appellant's arrest on July 27, 2009, following a traffic stop for certain Vehicle Code violations, during which the officer noted a strong marijuana odor emanating from appellant's vehicle. After appellant admitted possessing marijuana and directed the officer to a paper bag in the backseat containing five plastic bags with a total of 117.75 grams of marijuana, the officer conducted a more thorough search that revealed, among other things, over $1,300 in cash (mostly in $100 bills) and a cell phone text message consistent with a request to appellant to purchase marijuana.[2]

On May 26, 2011, appellant entered a plea of not guilty to the charge of possessing marijuana for sale. However, after filing a motion to suppress evidence seized during his July 27, 2009 arrest (Pen. Code, § 1538.5), appellant ultimately decided to change his plea to no contest pursuant to a negotiated disposition. After accepting this plea, the trial court granted appellant's request to proceed immediately to sentencing.

---

[1] Appellant's notice of appeal sets forth the following grounds: (1) the sentence, (2) the denial of his motion to suppress evidence pursuant to Penal Code section 1538.5, and (3) the validity of the plea. After this notice was filed, however, the trial court denied appellant's request for a certificate of probable cause, rendering the validity of the plea not subject to appeal. In addition, appellant's motion to suppress evidence was vacated before the scheduled hearing on the motion upon entry of his plea. As such, our review is limited to grounds for appeal occurring after entry of the negotiated disposition. (Pen. Code, § 1237.5.)

[2] Appellant produced a valid medical marijuana card and told the officer he bought the marijuana at a medical marijuana dispensary, which he identified. However, the officer later went to the dispensary identified by appellant, and was told by an employee that the seized marijuana had not been purchased there.

2

Then, after suspending imposition of appellant's sentence, the trial court placed him on supervised probation for three years subject to various terms and conditions, including that he serve 120 days in county jail. Appellant also received credit for one day served. On July 9, 2013, appellant filed his timely notice of appeal.

## DISCUSSION

As mentioned above, neither appointed counsel nor appellant has identified any issue for our review. Upon our own independent review of the entire record, we agree none exists. (*People v. Wende, supra,* 25 Cal.3d 436; *Anders v. California* (1967) 386 U.S. 738, 744.)

Prior to a scheduled trial, appellant moved to suppress all evidence seized from his person and vehicle on July 27, 2009, the date of his detention and arrest. This detention and arrest occurred when appellant was pulled over pursuant to a legitimate traffic stop after an officer observed appellant driving a vehicle without a front license plate in violation of Vehicle Code section 5200, subdivision (a), and with a tinted driver-side window in violation of Vehicle Code section 26708.5, subdivision (a). After this traffic stop was initiated, the officer detected a strong odor of marijuana from inside the vehicle. When asked whether he possessed any marijuana, appellant responded, "yes," and directed the officer to a paper bag containing five plastic bags with a total of 117.75 grams of marijuana. A subsequent search of appellant's vehicle and person revealed, among other things, $1,305 in cash, most of which was in the form of $100 bills, and a cell phone with the following incoming text message: "Nigga, . . . answer da' phone. Got someone wants to get two zips of dem' grapes. What's good?" There was nothing improper about this search and seizure of evidence, which stemmed from a valid traffic stop, during which the officer had probable cause to search the vehicle for contraband based on the strong odor of marijuana emanating from inside. (*Brierton v. Department of Motor Vehicles* (2005) 130 Cal.App.4th 499, 509 [" 'police officer may stop and question persons on public streets, including those in vehicles, when the circumstances indicate to a reasonable man in a like position that such a course of action is called for in the proper discharge of the officer's duties' "]; *People v. Chavers* (1983) 33 Cal.3d 462, 469

3

["probable cause to believe that a lawfully stopped automobile contains contraband justifies an immediate warrantless search of the automobile despite the absence of any additional exigent circumstances"].)

In any event, this motion to suppress was ultimately vacated by the trial court after appellant, represented by competent counsel, entered a no-contest plea to the sole charge of possessing marijuana for sale. Pursuant to the negotiated disposition, the trial court placed appellant on supervised probation for three years and ordered him to serve 120 days in county jail with one day of credit for time served. The trial court also granted the People's motion to dismiss Case No. SCO76142, which had been consolidated with the present case. This judgment and sentence was imposed only after appellant was advised of the maximum penalties and other consequences of his plea and, upon being so advised, knowingly and intelligently gave up his constitutional rights to, among other things, a trial by jury, and entered the free and voluntary plea.[3] The judgment and sentence were thus lawful. (Pen. Code, §§ 1016-1018, § 1192.5.) Further, having ensured appellant has received adequate and effective appellate review, we affirm the trial court's judgment. (*People v. Kelly, supra*, 40 Cal.4th at pp. 112-113.)

## DISPOSITION

The judgment is affirmed.

_____
Jenkins, J.

We concur:

_____
Pollak, Acting P. J.

_____
Siggins, J.

_____

[3] Appellant requested immediate sentencing, which request the trial court granted after finding no legal cause why the sentence should not then be pronounced.

4